UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| SUSAN WEBB, | Civil No. 13-1947 (JRT/JJK) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER AFFIRMING ORDER OF MAGISTRATE JUDGE** |
| ETHICON ENDO-SURGERY, INC., | |
| Defendant. | |

William L. Tilton, George R. Dunn, Michael J. Gross, and Grace Davies, **TILTON & DUNN, P.L.L.P.**, 101 Fifth Street East, Suite 2220, St. Paul, MN 55101, for plaintiff.

David R. Noteware, Timothy E. Hudson, and Janelle L. Davis, **THOMPSON & KNIGHT LLP**, One Arts Plaza, 1722 Routh Street, Suite 1500, Dallas, TX 75201, and Kim M. Schmid and Sheryl A. Bjork, **BOWMAN & BROOKE LLP**, 150 South Fifth Street, Suite 3000, Minneapolis, MN 55402, for defendant.

This is a products liability and negligent manufacturing action brought by Plaintiff Susan Webb ("Webb") against Defendant Ethicon Endo-Surgery, Inc. ("Ethicon"). On January 14, 2015, Webb moved to compel a videotaped inspection of Ethicon's Torres facility in Juarez, Mexico. On January 28, 2015, United States Magistrate Judge Jeffrey J. Keyes issued an oral order denying Webb's motion to compel. This matter is now before the Court on Webb's objection to the Magistrate Judge's order. Because the Court finds that the Magistrate Judge's order was neither clearly erroneous nor contrary to law, the Court will overrule Webb's objection.

## BACKGROUND

I.   **FACTUAL HISTORY**

The background for this action is described in detail in the Court's previous Order, *see Webb v. Ethicon Endo-Surgery, Inc.*, No. 13-1947, 2014 WL 7213202, at *1-*4 (D. Minn. Dec. 17, 2014), and the Court will not repeat that history here.  This action involves permanent health effects Webb allegedly suffered because of a defective Ethicon stapler.  Webb had surgery in 2009 to remove an esophageal tumor, and the TX60B disposable surgical stapler used to close her internal tissue incision failed to fire properly, forcing the surgeon to close the incision with a hand-stitched suture line.  (Notice of Removal, Ex. A ("Compl.") ¶¶ 6, 8-12, July 19, 2013, Docket No. 1; Aff. of Michael Gross ("Gross Aff."), Ex. 5 (Aff. of William M. Rupp. ("Rupp Aff.")) ¶¶ 3, 18, 22-25, 28-29, May 19, 2014, Docket No. 42.)  After the surgery, Webb developed a postoperative leak at the surgical site, allegedly leading to persistent and permanent health effects.  (Compl. ¶¶ 33-36; Rupp Aff. ¶¶ 29, 31.)

II.  **PLAINTIFF'S THIRD MOTION TO COMPEL**

On January 14, 2015, Webb filed a motion to compel a videotaped inspection of Ethicon's "Torres" manufacturing facility in Juarez, Mexico.  (Pl.'s Third Mot. to Compel, Jan. 14, 2015, Docket No. 252.)  Following a hearing on January 28, 2015, the Magistrate Judge denied the motion in an oral order.  (Oral Order, Jan. 28, 2015, Docket No. 266.)  In his order, the Magistrate Judge cited five reasons for denying Webb's motion:

> 1) plaintiff's own expert has already been deposed and did not express any need to inspect the facility to prepare his report; 2) [the inspection] would be a poor allocation of time and money; 3) an inspection at this time is not timely with respect to the original product manufacture[d] 6 years prior; 4) there has been no clear expression by plaintiff of the educational value or evidentiary purpose to be derived from a manufacturing facilities inspection; and [5]) plaintiff already has pertinent information regarding [Ethicon's] manufacturing processes.

(*Id.*) Webb timely objected to the oral order. (Pl.'s Objection Under L.R. 72.2 to the Order Dated January 28, 2015, Feb. 11, 2015, Docket No. 267.) This matter is now before the Court on Webb's objection.

**DISCUSSION**

**I.    STANDARD OF REVIEW**

A magistrate judge has broad discretion over matters of discovery. *Shukh v. Seagate Tech., LLC*, 295 F.R.D. 228, 238 (D. Minn. 2013). A district court's review of a magistrate judge's order on a nondispositive matter is "extremely deferential." *Roble v. Celestica Corp.*, 627 F. Supp. 2d 1008, 1014 (D. Minn. 2007); *see also United States v. Raddatz*, 447 U.S. 667, 673 (1980). The Court will reverse such an order only if it is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a)(3). For an order to be clearly erroneous, the district court must have a "definite and firm conviction that a mistake has been made." *Lisdahl v. Mayo Found.*, 633 F.3d 712, 717 (8th Cir. 2011) (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985)).

## II.  INSPECTION OF JUAREZ, MEXICO FACILITY

Federal Rule of Civil Procedure 34(a) permits any party to "request within the scope of Rule 26(b) . . . to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it." Fed. R. Civ. P. 34(a)(2). Although parties may broadly seek relevant information along these lines, Rule 34 "should not be misapplied so as to allow fishing expeditions." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992). Trial courts have "considerable discretion in granting or denying discovery requests." *Bredemus v. Int'l Paper Co.*, 252 F.R.D. 529, 534 (D. Minn. 2008).

Webb objects to the Magistrate Judge's denial of the motion to compel, arguing that a central issue in this case is whether the TX60B surgical stapler could have left the Torres facility in a defective condition or whether the facility's system of checks and safeguards would prevent that. Webb maintains that she cannot adequately rebut Ethicon's case without the ability to conduct a videotaped inspection of the facility. Such an inspection, Webb asserts, would not be costly or time consuming, and Webb's expert Dr. Barkalow indicated that an inspection of the Torres facility would be helpful to his analysis. (Decl. of Grace Davies in Supp. of Pl.'s Objection ¶ 3, Feb. 11, 2015, Docket No. 268.)

Although Webb's expert – Dr. Bruce Barkalow – has already been deposed as part of the extensive discovery that has been conducted in this case, Webb does not cite any specific statement by Barkalow in support of the assertion that an inspection would be

helpful.  Indeed, Webb concedes that Barkalow has not opined that an inspection would be necessary for him to form his opinions in this case.  Further, Webb does not indicate with any specificity how the inspection would serve the stated purpose.  Webb's vague assertions that the inspection may aid in rebuttal of Ethicon's witnesses do not require the Court to find that the Magistrate Judge's decision was clearly erroneous or contrary to law.  The Court finds that there is ample support for the conclusion that ordering an inspection of the Torres facility, which Webb concedes is not necessary for her expert, would produce precisely the sort of "fishing expedition" against which the Eighth Circuit has cautioned.  *Hofer*, 981 F.2d at 380.

Webb also maintains that the inspection would not be costly or time intensive.  Webb offers no details about the expense of the inspection, however, beyond the argument presented to the Magistrate Judge that it need not involve many people or more than a few hours.  The inspection itself may last for only a few hours, but there is a possibility that it could interrupt the operations at the facility, and the time of the actual inspection is not determinative in this case.  Because the Torres facility is in Mexico, the logistics of international travel must be factored into the cost and complexity of the inspection.  At the hearing before the Magistrate Judge on this issue, Webb's counsel actually volunteered that it would be "expensive" to travel to Juarez, along with a videographer and potentially an expert. (Audio Recording of January 28, 2013 Hearing ("Hearing Recording") at 16:16-16:26.)  This expense would be incurred in order to observe the manufacturing process as it operates now, six years after the stapler at issue was manufactured.  Although Webb argues that Ethicon has not maintained that its

manufacturing process has changed in any material way, the Court finds that an inspection six years removed from the manufacture of the actual stapler at issue in this case is of minimal value, especially when Webb is already privy to significant information as to how the manufacturing process operates at the Torres facility.

The role of the Court in these kinds of cases is to perform "a balancing of the degree to which the proposed inspection will aid in the search for truth against the burdens and dangers created by the inspection." *Baugus v. CSX Transp., Inc.*, 223 F.R.D. 469, 471 (N.D. Ohio 2004) (internal quotation marks omitted). Balancing the value of a videotaped inspection in 2015 against Webb's concession that an inspection is not necessary for the plaintiff's expert to render an opinion, as well as the potential cost and burden of this inspection in a foreign country, the Court cannot conclude that the Magistrate Judge committed clear error by finding that the inspection would be a poor allocation of time and money.

## ORDER

Based on the foregoing, and all the files, records, and proceedings **IT IS HEREBY ORDERED** that plaintiff Susan Webb's objection [Docket No. 267] is **OVERRULED** and the Order of the Magistrate Judge dated January 28, 2015 [Docket No. 266] is **AFFIRMED**.

DATED:  July 7, 2015            s/ John R. Tunheim
at Minneapolis, Minnesota.            JOHN R. TUNHEIM
                                          Chief Judge
                              United States District Court